# U.S. BANKRUPTCY COURT
## District of South Carolina

Case **Number: 09-02564-hb**

### SETTLEMENT ORDER

The relief set forth on the following pages, for a total of <u>3</u> Pages including this page, is hereby **ORDERED**.

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE NUMBER: 09-02564-hb |
| | ) | |
| Kenneth Eugene Miller | ) | CHAPTER 13 |
| | ) | |
| | ) | SETTLEMENT ORDER |
| Debtor. | ) | |

This matter comes before the court pursuant to the motion of U.S. Bank, N.A., its Successors and/or Assigns, which seeks relief from the automatic stay in this case.

Now therefore, upon the agreement of the parties not in default, and the Trustee having filed no objection to the relief provided in this order, it is hereby

ORDERED THAT:

(1) Debtor shall continue to remit to the movant the regular post-petition monthly payments beginning October 1, 2009, and continue said payments thereafter pursuant to the loan documents attached to the Motion for Relief from Stay.

(2) In addition to the payments set forth above, Debtor shall cure post-petition arrearage and pay attorney's fees and costs in the total amount of Four Thousand Four Hundred Eighteen and 30/100 ($4,418.30) Dollars. This total amount consists of post-petition payments for the months of May, 2009 through September, 2009, in the amount of Three Thousand Five Hundred Eighty Four and 90/100 ($3,584.90) Dollars; late fees for the months of May, 2009 through September, 2009, in the amount of One Hundred Forty Three and 40/100 ($143.40) Dollars; post-petition property inspection fees in the amount of Forty and 00/100 ($40.00) Dollars; and attorney's fees and costs in the amount of Six Hundred Fifty and 00/100 ($650.00) Dollars. The total amount shall be paid directly to the movant in six (6) consecutive monthly installments of Seven Hundred Thirty Six and 38/100 ($736.38) Dollars each. Said monthly installment payments shall commence on October 1, 2009, and continue on the 1st day of each consecutive month thereafter until paid in full. All payments should be paid directly to Movant at **U.S. Bank, N.A., its Successors and/or Assigns, 4801 Frederica Street, Owensboro, KY 42301.**

(3) The parties also agree that if the Debtor makes or movant receives any payment after the 20 day drop dead provision, it will not cure the default and movant will be entitled to an order granting it relief from the automatic stay of 11 U.S.C. §362(a) by modification of the stay as to movant's collateral.

IT IS FURTHER ORDERED that should the Debtor fail to make the stipulation or regular payments described above within twenty (20) days from their due date upon an ex parte showing by affidavit of that default and a proposed order, the movant shall be entitled to relief from the stay so that it can proceed with its state court remedies against its security, including making demand for payment of the amount due and that F.R.B.P. 4001 (a)(3) is waived and is not applicable to any such Order

ultimately lifting the stay as to its collateral, and that Movant may immediately enforce and implement such an Order Lifting Stay upon entry with the Court. ***This provision will be in effect for twenty-four (24) months from the date of this Order.*** The movant shall report to this court any funds received as a result of a lawful disposition of the real property in excess of its total indebtedness plus any other valid lien against the subject property. The claimant agrees to waive any claim arising under 11 U.S.C. §503(b) or §507(b) as a result of this order. The movant further agrees that any funds realized in excess of its debt will be paid to the trustee.

    AND IT IS SO ORDERED.

I certify that this order contains a true and complete statement of the agreed upon terms of settlement between the parties.

**/s/ George O. Hallman, Jr.**
George O. Hallman, Jr. #1681
Attorney for U.S. Bank, N.A., its Successors and/or Assigns
Post Office Box 2065
Columbia, SC 29202
District Court ID 1681
803-252-3340