# U.S. BANKRUPTCY COURT
## District of South Carolina

Case **Number: 09-02564-hb**

## DEFAULT ORDER

The relief set forth on the following pages, for a total of 2 Pages including this page, is hereby **ORDERED**.

---

**FILED BY THE COURT**
   **01/05/2010**



Entered: 01/06/2010

<span>_____</span>
US Bankruptcy Court Judge
District of South Carolina

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| **IN RE:** | ) | **BANKRUPTCY CASE NUMBER: 09-02564-hb** |
| | ) | |
| **Kenneth Eugene Miller** | ) | **CHAPTER 13** |
| | ) | **DEFAULT ORDER** |
| **Debtor.** | ) | |

This matter comes before me upon the request of U.S. Bank N.A., its successors and/or

assigns ("U.S. Bank"), for an Order terminating the automatic stay pursuant to 11 U.S.C. 362(d) as the

Debtor has defaulted on the terms of the Order filed by this Court on September 9, 2009.  The Order

resolved the Motion for Relief from Stay or of Adequate Protection filed by U.S. Bank by allowing the

Debtor to retain the collateral under lien to U.S. Bank  provided that the Debtor complied with the terms

of the Order.  The Order further provided that in the event of a default by the Debtor, upon the filing of an

Affidavit of Non-Compliance with the Court, the automatic stay pursuant to 11 U.S.C. §362(d) would be

terminated to allow U.S. Bank to enforce its security interest and state law rights in the collateral securing

its claim.  The Debtor has defaulted on the terms of the Order, as evidenced in the Affidavit of Non-

Compliance.  **Debtor has  failed to comply with said Order in that the regular and stipulation**

**payment from October, 2009 forward have not been made and, as such, is  in default of such order.**

Accordingly, on the request of U.S. Bank,

    IT IS ORDERED that the automatic stay, pursuant to 11 U.S.C. Section 362(d) is terminated,

thereby allowing U.S. Bank to enforce its security interest and state law rights in the collateral securing its

claim, specifically the real property located at **481 Candleglow Drive, Boiling Springs SC 29316-**

**9603.**

    FURTHER, Lender agrees to waive any claim which may arise under 11 U.S.C. § 503(b) or §

507(b) as a result of this Order.  Lender further agrees that any funds realized from the sale of the

Collateral in excess of all liens, costs and expenses will be paid to the Trustee.  It is further

ORDERED that the stay imposed by Bankruptcy Rule 4001(a)(3) does not apply.

    IT IS SO ORDERED.